No.: 11-1203

In The United States Court of Appeal
For The Seventh Circuit

United States of America ex rel )
William Holland, )
  Petitioner, )  No. 1:10-CV-04169
 )  The Honorable
 )  Ruben Castillo
-vs- )  Presiding Judge
 )
Dave Rednor, Warden, )
  Respondent, )

FILED
MAR 03 2011
MAR 03 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Motion For Certificate of Appealability
_____

Now comes Petitioner, William Holland, Pro-se, and respectfully moves this Court for a certificate of Appealability pursuant to 28 U.S.C. Section 2253(c) and F.R.A.P. 22(b). In support, Petitioner attaches his statement of facts and suggestions for Granting a certificate of Appealability.

Date: 2-22-11

Respectfully submitted
William Holland, N02898
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

No. 11-7203

In The United States Court Of Appeal
For The Seventh Circuit

United States of America ex rel, )
William Holland, ) Appeal from the United States
   Petitioner-Appellant ) District Court for the Northern
) District of Illinois, Eastern
-vs- ) Division.
) No: 1:10-CV-04169
Dave Rednour, Warden, ) The Honorable
   Respondent-Appellee ) Ruben Castillo
) Presiding Judge
)

## Circuit Rule 3(c) Docketing Statement

Petitioner submits the following Docketing Statement; Pursuant to Rule Circuit 3(c) and in compliance with Circuit Rule 28(a) and the Court's order.

1. Petitioner's complaint invoked the District Court's Federal Question Jurisdiction under 28 U.S.C. Section 1391(b) and 2254.

2. 28 U.S.C. Sections 1291 & 2253 confers appellate jurisdiction on the Court of Appeals:

(a) The judgement to be reviewed, an order denying the Petitioner's Habeas Corpus Petition, was entered on December 30, 2010.

Date 2-22-11

Respectfully submitted,
William Holland, N-02898
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

In The United States District Court For
The Northern District of Illinois
Eastern Division

United States of America ex rel
William Holland,
    Petitioner,

-vs-

Dave Rednour, Warden.
Menard, Correctional Center
    Respondent.

No. 1: 10-CV-04169
The Honorable
Ruben Castillo
Presiding Judge

## Petition For Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure Rule 22(b), Petitioner William Holland, pro-se, hereby request that this Honorable Court issue a Certificate of Appealability with respect to the final judgement entered on petitioner for write of habeas corpus petition in this Court's Memorandum Opinion and Order; and its denial of a Certificate of Appealability entered December 30, 2010.

In support of this request, Petitioner Holland states as follows:

1. Petitioner was convicted of the offense of first degree murder, after a bench trial before the Honorable Dennis Dernbach May 9, 2002.

1.

2. Petitioner was sentenced to natural life for first degree in violation of an order of protection.

3. Petitioner appealed to the Illinois appellate Court, First Judicial District, and the court affirmed his conviction and sentence on December 19, 2003, the petition then filed a petition Leave to the appeal to the Illinois Supreme Court, where that Court denied said petition on August 26, 2004.

4. In January 2005, petitioner filed a post conviction petition and was denied a hearing in October 2007.

5. Petitioner appeal post conviction to the Illinois Appellate Court and was denied in October 2009.

6. Petitioner appeal the denial of the appellate Court decision to the Illinois Supreme Court, and was reject in April of 2010.

7. With denial of the Illinois Supreme Court decision to Petitioner's Post Conviction for Leave to appeal, on July 13, 2010 petitioner filed to this Court the instant writ of habeas corpus.

8. Petitioner claims that: (1) that his life was imminent danger; was force into a mutual combative situation. (2) his trial and appellate counsels was ineffective, trial counsel failed to obtain useful information; delivered a shoddy

2.

defense for a capital case; appellate counsel utter abandon Petitioner (3) there were many inconsistencies in State's witnesses testimonies that were not redress, including the two Chicago policemen (4) prosecutors withheld exculpatory evidence. To be tried under these circumstances is unconstitutional under Strickland v. Washington, Brady v. Maryland; Smith v. Robbins U.S 528 U.S. 259 (2000); Arizona v. Youngblood, 488, U.S. 51, 102 L.Ed.2d 281, 109 S. Ct 333 (1988); cf. Napue v. Illinois 360 U.S. 264, 264, 269, 79 S. Ct. 1173, 3 L.Ed.2d 1217 (1959)

### Standard For Certificate of Appealability

9. Under 28 U.S.C. § 2253 (c)(2), "a certificate of appealability may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). [1] that jurist of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. Whitfield v. Boyd, 2002 WL 398604, *2 (N.D. Ill. March 14, 2002) (granting COA because "jurist of reason would find it debatable whether we were correct on our procedural ruling.").

10. A petitioner satisfies the "denial of a constitutional right" component merely by demonstrating that "[a]t least some of the claims [a

3.

petitioner wants to raise in his petition] facially allege the 'denial of a constitutional right.'" Jefferson v. Welborn, 22 F.3d 286, 289 (7th Cir. 2000) (court also should "take[a] quick look at the constitutional claims [a petitioner] wants to raise in his petition;" "if they were utterly without merit" or "thoroughly lacking," the court could affirm the dismissal on that alternative ground).

### Argument

11. This court should grant Holland' request for [COA] because: (1) the claim in his petition facially allege the denial of a constitutional right, and (2) courts could find it debatable as to petitioner sanity (3) and due to the weapons the victim and one witness had, petitioner should had been charged with a lesser offense if any charge at all.

### I. Holland' Petition Facially Alleges The Denial of a Constitutional Right.

12. Holland satisfies the first component for [COA] because his petition for Habeas Corpus clearly asserted a claim that facially alleges the denial of a constitutional right. First, the Petitioner contends that his constitutional rights to fair trial was violated where the trial court allowed the prosecutor to exclude evidences and let witness and policemen give false testimonys.

4.

(c) "There was no intent to kill or hurt when petitioner entered business. He has shown cogent evidence that he did not get a fair trial per U.S. Supreme Court.

According to the erroneous statement of culpability received in this case, it was a spontaneous act void of every nuance capable of initiating the culpability statute. However, assuming that it was applicable in case at bar, the prosecutor misstated the rule of law. Not only did the State's attorney misstate the law of culpability, but he added testimonies that was not in the record and proceedings, and also omitted what should have been as evidences. Furthermore, the District court gave the State court deference without addressing the entire merits of Petitioner's claim. Reasonable jurist could find that the State deference was unreasonable in light of U.S. Supreme Court precedent cited in Petitioner's Briefs to the District Court.

Thus, reasonable jurist could find it debatable whether Holland had a fair trial or not. Petitioner's trial was unconstitutionally applied. Accordingly, this Court should grant Holland's for a Certificate of Appealability.

5.

## Conclusion

Petitioner Holland request that this Court issue a certificate of appealability under 28 U.S.C. § 2253 with respect to the final judgement denying his petition entered December 30, 2010, and specify as issues for review by United States court of appeals for the Seventh Circuit, pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure Rule 22(b), whether his conviction was unconstitutionally applied, thus void ab initio.

Wherefore, as and the above proffered reasons, the petitioner prays that this Honorable Court enter an order granting his Certificate of Appealability to the United State Court for the Seventh Circuit Court of Appeals.

Respectfully submitted,
William Holland N02898
Menard Correctional Center
P.O. Box 711
Menard, Illinois 62259

## Affidavit

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare under penalty of perjury that everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith. Signed on this 22 day of February, 2011.

William Holland
Affiant

6.

In the
United States District Court
For The Northern District

United States of America ex rel.
William Holland,
  Petitioner,

-vs-

Dave Rednour, Warden
Menard Correctional Ctr.
  Respondent.

No. 1:10-CV-04169
The Honorable
Ruben Castillo
Presiding Judge.

CERTIFICATE OF SERVICE

To: Lisa Madigan, Attorney General
100 West Randolph
Chicago, Illinois 60604

To: Michael W. Dobbins, Clerk
Prisoner Correspondence
219 S. Dearborn Street
Chicago, Illinois 60604

Please Take Notice that on February _, 2011, I have placed the documents listed below in the mail at the Menard Correctional Center, 711 Kaskaskia St., Menard, Illinois, 62259 properly addressed to the parties above for mailing through the United States Postal Service: Notice of Appeal to Illinois Attorney General only. Then to both parties motion for certificate of appealability, Petition for certificate of appealability, and Docketing Statement - one (1) copy served to the Clerk of the Northern District and one (1) to Illinois Attorney General.

**DECLARATION UNDER PENALTY OF PERJURY**

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: February 22, 2011.

/s/ William Holland
NAME: WILLIAM HOLLAND
IDOC#: N02898
Menard Correctional Center
P.O. BOX 711
Menard, IL 62259